**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TEDDIE G. THOROGOOD,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-16-0347-X-1 |
|   v. | |
| DEPARTMENT OF HOMELAND<br>  SECURITY,<br>    Agency. | DATE: June 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Laura A. O'Reilly</u>, Esquire, and <u>Neil C. Bonney</u>, Esquire,
 Virginia Beach, Virginia, for the appellant.

<u>Kathleen H. Lambert</u> and <u>Robert Pirone</u>, Portsmouth, Virginia,
 for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

 In an August 24, 2018 compliance initial decision, the administrative judge granted the appellant's petition for enforcement and found the agency in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

noncompliance with the parties' settlement agreement, which had been entered into the record for enforcement by the Board in the underlying adverse action appeal. *Thorogood v. Department of Homeland Security*, MSPB Docket No. DC-0752-16-0347-C-1, Compliance Initial Decision (CID) (Aug. 24, 2018); Compliance File (CF), Tab 17, CID; *Thorogood v. Department of Homeland Security*, MSPB Docket No. DC-0752-16-0347-I-1, Initial Decision (ID) (June 17, 2016); Initial Appeal File, Tab 52, ID. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

The appellant's petition for enforcement contended that the agency breached the settlement agreement by failing to expunge records referencing the adverse actions at issue in her underlying case, MSPB Docket No. DC-0752-16-0347-I-1. CF, Tab 1. The appellant stated that she discovered this failure when she received a notice of intent to revoke her security clearance that referred to the agency's proposal to remove her. *Id.* at 4. The appellant stated that she also discovered in her official personnel file a Standard Form (SF) 50 that showed the cancellation of her demotion to a lower grade. CF, Tab 15 at 7. In the compliance initial decision, the administrative judge found that the agency had violated the settlement agreement by retaining records pertaining to these actions in the appellant's official personnel file and in the files of the agency's Coast Guard Investigative Service (CGIS). CID at 4-5. The administrative judge ordered the agency to expunge all records related to accusations and disciplinary actions involving the appellant, such as the proposed removal notice, the decision on the proposed removal imposing a demotion, and all investigations and related documents, including the SF-50, from all agency records. CID at 5-6.

On September 12 and 17, 2018, the agency submitted to the Board evidence regarding its compliance. *Thorogood v. Department of Homeland Security*, MSPB Docket No. DC-0752-16-0347-X-1, Compliance Referral File (CRF),

Tabs 1, 3. The evidence includes a sworn declaration by a Human Resources Specialist that all SF-50s related to the appellant's demotion were removed from her official personnel file, CRF, Tab 3, and sworn declarations by the Legal Counsel of the CGIS and the Director of the Coast Guard Security Center concerning databases that retain some reference to the appellant's records solely to permit limited access for Security Center employees conducting background checks related to security clearance adjudications, CRF, Tab 1. The latter declarations state that notifications are included that the appellant's records are inadmissible and have been expunged in accordance with the Board's decision, *id*. at 8, and that "if such data is developed during the course of future background checks, it must be dismissed as mitigated." *Id*. at 6-7.

The Board's acknowledgement order notified the appellant that she could respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. CRF, Tab 2 at 2. It also informed the appellant that, if she did not respond, the Board may assume that the appellant is satisfied and dismiss the petition for enforcement. *Id*. The appellant has not responded to the agency's submission.

Accordingly, in light of the agency's evidence and the appellant's failure to respond, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.